## SUPREME COURT.

BOGARDUS THE YOUNGER agt. PARKER AND OTHERS.

In a partition suit, the complaint is not bad for misjoinder of actions, because it sets up the claim of one of the defendants to a specific lien for moneys paid to extinguish liens on the premises sought to be partitioned, and asks for an account to be taken of such advances.

Creditors holding liens, simply as creditors, need not be made parties at the commencement of the suit.

The claims of one defendant may be disputed by either of his codefendants as well as the plaintiff, and these claims may be tried and settled in a partition suit, if they involve interests in, or liens on the property sought to be partitioned.

*New York Special Term, October* 1852. *In Partition.* The complaint is filed by one of the daughters of General Bogardus,

Bogardus agt. Parker and others.

against his other childern and heirs at law, and against his widow, and is for the purpose of obtaining a partition or sale of the lands of which he died seized. The complaint alleges that General B. died intestate seized of the lands described in it, and that the defendants are his heirs at law and his widow; that each heir or his representative is entitled to one-eighth of all the lands, and that the widow is entitled to dower in them. Thus far the defendants do not object; but the complaint also states that the widow was executrix of a will of the deceased not affecting these lands, and that she has paid on account of these lands over and above what she received from them, large sums of money for interest on mortgages, taxes, insurance, repairs, assessments and other charges and expenses necessary for the lands, and on account of principal moneys due on mortgages; that this was done because none of the heirs had the ability to make the payments, and was done of necessity for the benefit of the estate; and it claims that such payments are a specific lien on the lands, and alleges that the personal estate of the deceased was inadequate to pay his debts, and that there is a large amount of debts still outstanding, which were due by the deceased; and it claims that each share is liable for the payment of its proportional part of such debts, whether paid by the widow out of her own funds, or remaining unpaid.

The defendants demur on the ground that several causes of action are improperly united; namely, one for the partition of lands, and the other for the settlement of the accounts of the widow and executrix. 2d. That an action for the settlement of those accounts, if brought by one heir, should name all the heirs as coplaintiffs, or allege that they would not unite. 3d. That the complaint seeks for payment to the creditors of the estate, but does not make the creditors parties, and does not show that plaintiff is a creditor or the bill filed for them; and, 4th. That it shows no sufficient cause of action except for a partition and the ascertainment of the legal heirs and *specific* liens and incumbrances.

———— ———, *for Plaintiff.*

———— ———, *for Defendants.*

Bogardus agt. Parker and others.

Mitchell, Justice.—The propriety of these objections will be best understood by considering the rights of the plaintiff and of the widow. The plaintiff is the owner in common with the other heirs of the lands described in the complaint: that is, one single cause of action set forth in the complaint. Having that cause of action she is entitled to a partition of those lands, or to a sale of them if a partition can not be made; and to have the sale made free from all liens so that the purchaser can obtain a perfect title to the property. If a sale is to be made, it has been usual to make defendants all persons having any lien on the whole property, or on any undivided share, by mortgage or other specific lien, or by judgment or decree, and to state the amount due to each; and the Court of Chancery was authorized expressly to award one or more issues to try any fact contested by the parties (2 *R. S.* 330, § 85 [81]). If the deceased left debts unpaid and not secured by mortgage, it was usual for the court to inquire whether the personal estate was adequate to pay them, that the purchaser might be protected. All taxes and assessments and mortgages were paid out of the proceeds of the sales; they formed a lien on the estate, whether the unsecured debts did or not. If the plaintiff stated the amount due on any of those incumbrances, and the incumbrancer or any of the other defendants chose to dispute the accuracy of the statement, they did so, and the question could be determined by a reference or on issues ordered by the court to be tried; and now the court can still order such a reference under its power to order one when the taking of an account shall be necessary for the information of the court before judgment (*Code,* § 271). It is no more an objection now than it was formerly, that the different defendants do not serve their answers on each other; if they have adverse claims, the court may give judgment for or against one or more of several plaintiffs, and for or against one *or more of several* defendants, and it may determine the ultimate rights of the parties on *each* side, as between themselves (*Code.* § 274). All this it is admitted by the defendants may be done, where a defendant has a specific or a general lien, by judgment or decree; his claim may be disputed by any of his codefendants or by the plaintiff, and if the investigation of that claim involves an inquiry into

payments made to him and moneys received and paid out by him as agent or as executor, or otherwise, that would be no objection to its being done in the partition suit, because the lien is to be paid, and that involves the question of the amount of the lien. Because a variety of questions and some of them very complicated, may arise in ascertaining the amount due on any lien in a partition suit, it does not make it more improper to make the holder of that lien a party, than if the amount could be ascertained simply by the endorsements on the bond; nor does the examination of a long account of receipts and expenditures of one acting as executor, and which is necessary for ascertaining the single fact of the extent of that lien, make it more improper to make such a one a party as a lien holder than if the amount due on such lien could be ascertained by an examination of a bond and receipt only. These inquiries are all incidents to the one cause of action, the ownership of lands in common, and to the right to have that land sold free from incumbrances, and to have the incumbrancers made parties to effect this purpose.

It is unnecessary to say whether the creditors at large would have any lien on the proceeds of sale, or whether this court would allow the proceeds to be distributed without protecting their rights and so protecting the purchasers from them (see 1 *Edward's Ch. R.*, Mathews vs. Mathews), for here the widow claims not as a creditor at large, but as having a right to stand in the place of those whom she paid and who hold liens by mortgages and for taxes and assessments; all specific liens on the estate.

She *claims* the right to be subrogated in the place of those who once held these liens, and that she is now entitled to the same liens: she is a necessary party as a dowress, and when she comes to set forth the full grounds of her claims, as she will be entitled to do and as the plaintiff is not bound to do, she may show not only that the debt is justly due to her, but that she is to be subrogated to the rights of the former lien holders. That can be done on the reference as to title and liens by special instructions to the referee.

The plaintiff has an interest in having all liens on the estate discharged; she or her estate is liable for a proportional part

.of the debts of the estate, and she has a right to have it ascertained in this action what is the amount of all or any of those debts, so far as they may affect any of those lands or herself as an owner of them.   For this reason, although not a creditor herself, she is interested in having these creditors paid, and in having it determined how much each of the defendants, as well as herself, should pay of the debts; and for that purpose she need not now bring in the creditors; but must bring in the heirs at law.

The demurrer is to the *whole* complaint; in that it is clearly too broad; it must be overruled with costs to abide the event.