NEW YORK PRACTICE REPORTS.                    289

Mayor, &c., of New York agt. Parker Vein Steamship Company.

# NEW YORK SUPERIOR COURT

THE MAYOR, &c., of the City of New York, respondents
agt. THE PARKER VEIN STEAMSHIP COMPANY, appellants.

In an action upon a penal bond for the payment of rent, which, in a certain lease,
was covenanted by the defendants, to be paid for the privilege of collecting wharf-
age accruing from the use of certain piers,

*Held* that the defendants could not set up as a *counterclaim* the erection of certain
fixtures on the piers, of which they claimed to be owners, and which they alleged
they were entitled to remove; but the plaintiffs forbade such removal, and pre-
vented the same, and took possession thereof.

The rule settled by the court of appeals in *Walter* agt. *Bennett*, (16 *N. Y. R.*, 250,)
that when the cause of action is alleged as a *tort*, there can be no recovery as upon
*contract*, although the facts alleged would have sustained such an action, is equally
applicable to a *counterclaim*.

*Heard General Term, Jan.*, 1861.   *Decided June* 15, 1861.
HOFFMAN and WOODRUFF, *Justices*.
APPEAL from judgment at special term.

H. H. ANDERSON, *for respondents*.
J. M. VANCOTT, *for appellants*.

By the court, WOODRUFF, Justice.   We are of opinion that
the facts alleged in the defendants' answer are not available
to the defendants as a counterclaim within the meaning of
that term, as employed and defined in the Code; and, there-
fore, whether they constitute a cause of action in favor of
the Parker Vein Steamship Company or not, they cannot
be used to defeat the plaintiffs' recovery herein.

The plaintiffs' action is brought upon a penal bond signed
and sealed by all of the defendants, conditioned for the pay-
ment of the rent which, in a certain lease, was covenanted
by the Parker Vein Steamship Company, to be paid for the
privilege of collecting the wharfage accruing from the use
of certain piers by vessels occupying the same.

The action was, therefore, an action of contract.

The alleged counterclaim is simply and purely (if the facts alleged are a cause of action) a claim to recover damages for a tort. The allegation is that the Parker Vein Steamship Company erected certain fixtures, &c., on one of the piers, of which fixtures the company was owner, and was entitled to recover the same, and would have done so, but the plaintiffs forbade such removal, and prevented the same, and took possession of such fixtures, &c., &c., converted them to their own use, and the plaintiffs thereby became liable to account for the same and pay to the defendants the value thereof. Now, if upon these facts the plaintiffs are liable for the value of the fixtures, that liability did not arise on contract. There was no provision in the so-called lease, nor in the bond, by which it was stipulated that the company might erect anything on the pier, or that if they did so they might remove the same. The taking possession and conversion thereof to the plaintiffs' use, therefore, no more created a cause of action arising on contract, than the seizure and conversion by the plaintiffs of any personal property of the company found in any other place would have done. It was simply and only a tort. Although it has been sometimes intimated that the injured party might waive the tort, and bring an action on an implied promise to pay for the goods taken, we think that a counterclaim, "arising on contract," cannot be made upon any such fiction.

Formerly it was held, that when goods so taken were sold, and the wrong-doer received the money, the owner had a right to treat that money as his own, and sue for it as so much money had and received, and this was the whole extent and the true limit of the rule, that the owner might waive the tort and bring assumpsit.

If in modern times countenance has been given to the idea that the owner of goods, tortiously detained from him by a wrong-doer, may sue for their value in an action which would have been termed assumpsit, we are of opinion that

NEW YORK PRACTICE REPORTS. 291

Mayor, &c., of New York agt. Parker Vein Steamship Company.

the legislature, when a counterclaim was defined, in the second subdivision of section 150, as a cause of action arising on contract, did not mean a cause of action which was founded upon a tort, and where, in truth, no contract existed.

If we are correct in this, then the facts alleged did not constitute a counterclaim, available to the defendants in this action; and, on the other hand, if this idea of waiving the tort, and claiming the value of the property " in assumpsit," or upon an implied contract to pay therefor, be entertained, then the case of *Walter* agt. *Bennett* (16 *N. Y. R.*, 250) is a direct authority established by the court of appeals, that when the cause of action is alleged as a tort, there can be no recovery as upon contract, although the facts alleged would have sustained such an action. The rule thus settled is equally applicable to a counterclaim, which is in substance a complaint upon an affirmative cause of action on the part of the defendant.

This view is, therefore, equally fatal to the defendants' claim in the present case.

The other clause of the section defining a counterclaim describes it as " a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiffs' claim, or connected with the subject of the action."

Now, the contract set forth in the plaintiffs' complaint, is the defendants' express covenant to pay the rent accrued upon the plaintiffs' lease to the company. The subject of the action is either the rent itself or the claim of the plaintiffs thereto.

Neither the defendants' title to the fixtures, nor the plaintiffs' conversion thereof, arose out of the lease or the covenant for the payment of the rent. Neither the lease nor the covenant contemplated nor provided for the erection of the fixtures, nor for any privilege of removing the same if erected. The company did not bring them there in pursu-

ance of the lease or covenant, nor did the plaintiffs convert them in violation of either.

It is true that but for the lease the defendants would have had no interest to promote by bringing them there, and no motive, therefore, to erect them. So, also, the seizure or the conversion thereof by the plaintiffs was not the result of the lease or covenant; and yet if they had not been upon that pier, it may be said that the plaintiffs would not have taken them. But the cause of action (if any) was in all respects precisely the same as it would be had the plaintiffs taken possession of the like fixtures belonging to that company at any other place whatever.

The fixtures were in no manner connected with the rent due to the plaintiffs, nor with the plaintiffs' claim to such rent. Neither the erection of the fixtures nor the use nor enjoyment thereof could affect either. They may or may not have been useful to enable the company to collect wharfage, though it is difficult for us to perceive how they would contribute to its increase. But if never brought there, the rent would have been the same, and the plaintiffs' title thereto the same.

The views expressed in *Drake* agt. *Cockroft*, (4 *E. D. Smith's R.*, 34,) *Gleason* agt. *Moe*, (2 *Duer's Rep.*, 639,) *Bogardus* agt. *Parker*, (7 *How. Pr. Rep.*, 305,) *McKenzie* agt. *Farrell*, (4 *Bosw. Rep.*, 202, 3,) and *Moffat* agt. *Van Doren*, (*id.*, 609,) sustain these suggestions, and so in our judgment does the decision in *The Zenia Bank* agt. *Lee*, (2 *Bosw. R.*, 694.) In that case it is said that " the right of the plaintiff to claim, and the right of the defendant to counterclaim upon any given or supposed facts in controversy must, we think, be reciprocal."

We think it clear that if the Parker Vein Steamship Company had brought their action, declaring in the terms of their answer for the wrongful taking and conversion of the fixtures in question, the plaintiffs could not, by way of counterclaim, have set up that that company was indebted

to them for rent under the grant of wharfage mentioned in the complaint.

We are not to be regarded as holding that, under the facts alleged in the answer, the plaintiffs are liable for the value of the fixtures in question, but we rest our decision upon the ground that the facts alleged do not constitute a cause of action, that is, the subject of a counterclaim which can be allowed in this action.

The judgment should be affirmed.