JOHN TOWNSEND, Appellant, *v.* CAROLINE O. BOGERT et al., Respondents.

The rules of pleading in equity, while the same in form with those in actions at law, are broader and more elastic by reason of the character of the relief which may be sought and given, and, as a general rule, all persons materially interested, either legally or beneficially, in the subject-matter of a suit in equity, are proper parties to it, so that there may be a complete decree binding all.

Where a plaintiff in such an action knows that a third person claims an interest in the subject-matter, but does not know the nature, extent or merits of the claim, these facts may be stated, the claimant called in as a party and required to disclose his alleged interest.

This rule applies to actions of partition, and while, under the Code of Civil Procedure (§ 1542), it is required that the rights of the parties be stated "so far as they are known to the plaintiffs," where the interests of a claimant are not known, it may properly and can only be described as a "claim."

*Prima facie,* and in the absence of a contrary explanation, all persons who either are or claim to be interested in premises sought to be partitioned

are affected by a demand for a sale and division of the proceeds; the cause of action pleaded affects or concerns them, and so, becomes a good cause of action for a partition as against them.

Where, therefore, in an action of partition brought by one of several tenants in common, the complaint alleged that the property was of such a character and so situated as to make actual partition impossible except with grave injury to the interests of the owners, and, therefore, asked a sale and division of the proceeds, and other parties besides plaintiff's co-tenants were made defendants, the complaint alleging that said parties "claim some right, title or interest in said premises, the exact nature of which is unknown to the plaintiff and which is a cloud upon the title to said premises," and asking that they be adjudged to have no interest in the property, *held*, that such other persons were properly made parties defendant, and the complaint stated a good cause of action against them; that if the interest claimed by either of said defendants was of such a nature as to be totally unaffected by the partition sought, this should be asserted by answer; and that each of said defendants should in the same manner disclose his alleged interest.

(Argued April 24, 1891; decided May 5, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 5, 1891, which reversed an interlocutory judgment in favor of plaintiff, entered upon an order of Special Term overruling a demurrer to the complaint on the part of defendants, Bogert and others, and which dismissed the complaint as to said defendants.

This was an action for partition of certain premises in the city of New York.

The complaint alleged that plaintiff and two of the defendants named owned the premises as tenants in common; that defendants Bogert and others named " claim some right, title or interest in said premises, the exact nature of which is unknown to plaintiff and which is a cloud upon the title to said premises;" also "that said premises are so situate that division or partition thereof among the parties entitled thereto, according to their respective rights, cannot be had without great prejudice to the owners thereof." A sale of the premises was asked and that all of the parties "and all persons claiming through or under them, subsequent to the

filing of notice of the pendency of the action, be barred of all right, title and interest."

Said defendants Bogert and others demurred on the ground that the complaint failed to set forth a cause of action as against them and that a cause of action against the defendants to determine a claim to real estate was improperly united with one against other defendants for partition of the premises.

*John Townsend* for appellant. The complaint sets forth a cause of action for partition. (Code Civ. Pro. § 1542.) An action for partition is one of equitable cognizance., The rule in equitable actions differs from the rule in legal actions. In legal actions the complaint must show a cause of action, the one cause of action, against all the defendants. In equitable actions the complaint is proof against a demurrer if it shows a cause of action against some only of the defendants. There is no such thing as a demurrer for misjoinder, *i. e.,* excess of parties defendant. (*McCrea* v. *Chabom,* 54 Hun, 577–583; *Fish* v. *Hose,* 59 How. Pr. 238; Code Civ. Pro. §§ 446, 447, 448, 452, 1439, 1538, 1539; *Collins* v. *Welch,* L. R. [5 C. P. Div.] 27; *Derham* v. *Lee,* 87 N. Y. 604; Story on Eq. Pl. § 72; *Davis* v. *Mayor, etc.,* 2 Duer, 663; *Chapman* v. *Forbes,* 35 N. Y. S. R. 353; *Foulks* v. *Foulks,* 25 id. 339.) The complaint may contain irrelevant and redundant matter, but that does not make it contain more than one cause of action. (*Phillips* v. *Durham,* 17 N. Y. 274; *Lattin* v. *McCarty,* 41 id. 107.) There cannot be a demurrer to the prayer for relief or because the prayer for relief asks for too much. (*Walker* v. *Spencer,* 13 J. & S. 71; *Haines* v. *Hollister,* 64 N. Y. 4.)

*John S. Davenport* for respondents. The complaint does not bring the respondents within the purview of section 447 of the Code. (*Barnard* v. *Onderdonk,* 98 N. Y. 164.) One who has no interest is neither a necessary nor a proper party in partition. (*Miller* v. *Wright,* 107 N. Y. 194.) An action for partition cannot be made a substitute for an action to compel determination of claims to real estate. (*Van Schuyler* v.

*Mulford,* 50 N. Y. 426; *Esterbrooke* v. *Savage,* 21 Hun, 145; *Barnard* v. *Onderdonk,* 98 N. Y. 164; *Jordan* v. *Van Epps,* 85 id. 487.) If a cause of action is stated against these respondents, it is improperly joined with others which do not affect them. (Code Civ. Pro. § 484.) The complaint is fatally defective as stating a cause of action to compel a determination of a claim to real property. (Code Civ. Pro. §§ 1638, 1639.) The complaint is fatally defective as stating a cause of action to remove a cloud. (*Heywood* v. *Buffalo,* 14 N. Y. 534; *Moore* v. *Townshend,* 102 id. 387.) The complaint must be taken most strongly against the pleader. (*Clark* v. *Dillon,* 97 N. Y. 370.)

FINCH, J. We are of opinion that the General Term erroneously sustained the demurrer interposed to the plaintiff's complaint. That pleading, it is conceded, stated a good cause of action for a partition as against the defendants who held undivided interests in the land as tenants in common, and none of whom object to its sufficiency. It avers that the property is of such character and so situated as to make an actual partition impossible, except with grave injury to the interests of the owners, and, therefore, seeks a sale and division of the proceeds. With that relief in view, it further alleges that other parties, naming them, and being those who now · demur, " claim some right, title or interest in said premises, the exact nature of which is unknown to the plaintiff, and which is a cloud upon the title to said premises," and asks that they be adjudged to have no interest in the property.

The demurrants interpose two objections : one, that the complaint states no cause of action against them, and the other, that a cause of action to determine a claim against real estate is improperly united with one in partition. The demurrants themselves demonstrate that there is no force in the second objection, for they show satisfactorily that none of the conditions made necessary by the Code for the maintenance of such an action have been heeded, and that neither such cause of action nor one to remove a cloud have been stated in the com-

plaint. We agree with them that neither in purpose nor result were any such causes of action pleaded, and that the complaint states alone a cause of action in partition.

The question, therefore, is whether, upon the allegations of the complaint, the right to a partition of the property can be said to affect the defendants who demur. It seems to me that it can. *Prima facie*, and in the absence of a contrary explanation, all persons who either are or claim to be interested in the premises are affected by a demand for a sale and a division of the proceeds, and the cause of action pleaded affects or concerns them, and so becomes a good cause of action for a partition as against them. That the complaint does not show what their interest is, the plaintiff excuses by his ignorance of the nature of their claim, and that is a fault which the defendants can easily repair. That the claim of an interest in the premises may be false or pretended, or unfounded, we are not to presume in order to sustain the demurrer. It is true that the interest claimed may prove to be of such a character as to be totally unaffected by the partition sought. If that be so, it should be asserted by answer. The presumption raised by the allegations of the complaint is to the contrary, for they are that the claim is of an interest or right in the property to be sold and such that it serves to cloud the title. Presumably, that is a claim of right which the partition will affect, and the parties who have made such claim, and by the demurrer admit that they have, must be assumed to have done so in good faith, and not falsely or fraudulently.

The rules of pleading in equity, while the same in form with those in actions at law, are, nevertheless, broader and more elastic by reason of the inherent character of the relief which may be sought and given. It has always been held as a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, so that there may be a complete decree which shall bind them all. (*Caldwell* v. *Taggart*, 4 Peters, 190.) In carrying out that rule it sometimes happens that a plaintiff knows the fact that a third person claims an interest

in the subject-matter of the action, but does not know the nature, extent or merits of the claim which cannot, nevertheless, be entirely ignored without peril to the completeness of the remedy sought.   In such an emergency the facts may be stated, the claimant be called in as a party, and required to disclose his alleged interest.   While bills of discovery are abolished, yet in such a case as we have described a discovery of the defendant's claim is incidental to the relief sought and essential to its completeness.   Indeed, it has been said that every bill for relief is in reality a bill of discovery, since it asks from the defendant an answer as to all the matters charged in the bill.   (Story's Eq. Pleading, § 311.)   The Revised Statutes acted upon these principles in framing the specific rules applicable to actions of partition.   (2 R. S. part 3, chap. 5, tit. 3, § 5.)   The petition was required to set forth the rights and titles of all persons interested, "so far as the same are known to the petitioner," and the rule to appear and answer required the defendants interested whether their interest was known or unknown, "to show title to the proportions which they may *claim*" in the premises.   (§ 13.)   While the Code has changed the forms of pleading it has not destroyed their essential characteristics except in some minor degree.   In providing for actions of partition, section 1542 was ostensibly founded upon section 5 of the Revised Statutes, and like that section requires the rights of the parties to be stated "so far as they are known to the plaintiffs."   So far as they are not known such interest can only be described as "a claim," for it will not do to say that the plaintiff must admit the validity of an asserted interest the nature of which he does not know.

This complaint, therefore, alleged all that it could to show why the demurrants were made parties, and how the cause of action concerned them.   The relief of a sale could only be complete and effective by the ability to give a clear title.   (*Bogardus* v. *Parker*, 7 How. Pr. 305.)   That result could only be reached by bringing the claimants into court and calling upon them to disclose their interest or disclaim its existence, and so the allegations of the complaint were sufficient *prima facie* to extend

the one cause of action to the demurrants and bring them within its influence. They are either so situated as to be affected by the decree or not affected by it. Presumably, from the averments of the complaint they will be affected by it. If, however, they insist that their interest may be of such a character that it will not be affected by a possible sale of the property, or that it cannot or ought not to be tried in the suit, it is enough to say that the plaintiff cannot negative in his complaint a character of their claim of which he asserts his ignorance. ·

If either of those conditions exist the remedy is not by a demurrer. If the actual partition or sale will not affect or disturb the rights of the party, he may safely disregard the action entirely since no personal judgment is sought against anybody; or he may answer showing that his presence is unessential and ask to have the complaint dismissed as to him. If his interest is of a nature not subject to a trial in the partition suit he may plead the facts in his answer and again seek a dismissal of the complaint as against himself. And so his rights may be perfectly preserved without leaving the plaintiff to blunder in the dark to an imperfect remedy.

It may be that the complaint asks some relief which cannot be granted, but that does not make the complaint demurrable.

The judgment of the General Term should be reversed, and that of the Special Term affirmed, with leave to the defendants to answer upon payment of costs from the interposition of the demurrer and within twenty days after notice of the entry of this judgment upon filing the remittitur. ·

All concur.

Judgment accordingly.