### SCHUYLER v. SCHLICHT et al.

(*Supreme Court, General Term, First Department.* February 18, 1892.)

PARTIES—PERSONS CLAIMING INTEREST.

One claiming an interest in the subject-matter of an action may be brought in for the purpose of ascertaining and defining his interests, and is a proper, though not a necessary, party thereto. *Townsend* v. *Bogert,* 27 N. E. Rep. 555, 126 N. Y. 370, followed.

Appeal from special term, New York county.

Action by Frank D. Schuyler against Josephine M. Schlicht, impleaded with Paul J. Schlicht and others, to determine the ownership of certain stock. Defendant Josephine M. Schlicht appeals from an order and interlocutory judgment overruling a demurrer to a supplemental complaint. Affirmed.

Argued before VAN BRUNT, P. J., and PATTERSON and O'BRIEN, JJ.

*Morse & Wensley,* (*Waldo G. Morse,* of counsel,) for appellant. · *Cowen, Dickerson, Nicoll & Brown,* (*Henry W. Bean,* of counsel,) for respondent.

PATTERSON, J. The record in this case is very unsatisfactory, for the reason that we cannot ascertain from it how the supplemental complaint comes into the action as a pleading. Whether it is introduced by consent or by order of the court, and, if the latter, why, or for what reasons, it was allowed to be served, we cannot tell. We are left to surmise as to that. But, taking up the record as it comes to us, we find that the defendant Josephine M. Schlicht has demurred to a supplemental complaint, and her demurrer was overruled in the court below. Nothing was brought up for consideration on that demurrer except the sufficiency of the supplemental complaint. The appeal-book consists of a complaint, supplemental summons, what is called a "supplemental complaint," and a demurrer to that supplemental complaint, the decision of the judge on the demurrer, the order overruling it, and the interlocutory judgment. Prefixed to these records is a statement of the case, and from that alone do we learn that the defendant Josephine M. Schlicht was brought in as a defendant, and was served with a supplemental summons and complaint. Her demurrer applies only to that supplemental complaint. That the demurrer was properly overruled is evident. We may assume that under section 544 of the Code of Civil Procedure the supplemental complaint is in proper form, and is in addition to the original complaint; but the present demurrer does not apply to the original complaint, but only to what is added by the so-called supplemental complaint, and that is that the demurrant claims

to have some interest in or to the proceeds of the joint enterprise of the plaintiff and Paul I. Schlicht. It.is quite clear that the demurring defendant was therefore brought in to have her rights ascertained and defined, if she had any. She may not have been a necessary party to the action, but she was a proper party; and the courts have so often passed upon the question of bringing in proper parties where substantial rights are in controversy that it is unnecessary to say anything further on that subject. If any authority is wanted, it may be found in *Townsend* v. *Bogert,* 126 N. Y. 370, 27 N. E. Rep. 555. The interlocutory order and judgment appealed from are affirmed, with costs. All concur.