SARAH M. QUIBELL, Respondent, *v.* JOHN A. MORRIS, Appellant, Impleaded with Others.

*Action to set aside a deed — proper parties — statement of a cause of action.*

In an equity action, brought for the purpose of setting aside a deed, given to a trustee as security against any possible claim that might be made by a person therein designated, after the death of such person, all her heirs at law and all persons who claim under the deed are proper parties to the action.

An averment in such an action that certain parties "have or claim some interest in the premises in question" is a sufficient statement of a cause of action.

APPEAL by the defendant, John A. Morris, from the interlocutory judgment of the Supreme Court in favor of the plaintiff, overruling the demurrer of the defendant, John A. Morris, and entered in the

office of the clerk of the county of Westchester on January 25, 1893.

The complaint alleged that the defendants, John A. Morris and others, have or claim to have some interest in the premises in question. There is no other allegation in the complaint in regard to Morris or his interest in the property.

Morris appeared in the action and demurred to the complaint on the ground that it did not contain facts sufficient to constitute a cause of action.

*C. E. Coddington* and *Alfred B. Cruikshank*, for the appellant.

*Rufus L. Scott*, for the respondent.

BARNARD, P. J.:

The complaint states that the plaintiff was the owner of section " A " of a farm of land in Westchester county called the " Wetherby Farm " in a partition map on file in the Westchester county clerk's office. That he was also the owner of another part of said section "A " which was subject to a life estate of the mother of plaintiff. That this life estate was held by one Rust as trustee for the plaintiff's mother. That she agreed to convey the life estate to the plaintiff, which was done under an agreement between the plaintiff, her mother and the trustee, that the plaintiff should convey the first part of section "A " above named to Rust to hold in trust during the life of the mother as security against any claim she might make on account of her life interest in the parcel in which she had a life estate and which she requested Rust to convey to the plaintiff. This deed given by plaintiff to Rust was to have no effect after the life estate fell in, but was then to revert to plaintiff. The mother is dead and the plaintiff seeks to have her title established in the piece given to Rust, trustee, by her. All the heirs at law of the plaintiff's mother are made parties. The complaint makes John A. Morris a party defendant under the statute ; alleging that he has or claims to have some interest in the property. Morris was properly made a party. The action is one in equity to set aside a deed given as security to a trustee against a possible claim to be made by his beneficiary because he, the trustee, had conveyed away his life estate at her request without any consideration. The heirs at law and all persons who

claim under the deed to the trustee, are properly made parties. The question has recently been considered by the Court of Appeals in *Townsend* v. *Bogert* (126 N. Y. 370). The court held in that case that an averment that certain parties " claim some right, title or interest in said premises, the exact nature of which is unknown to the plaintiff and which is a cloud upon the title to said premises," was a sufficient statement of a cause of action upon a demurrer.

The order and judgment should, therefore, be affirmed, with costs.

PRATT, J., concurred ; DYKMAN, J., not sitting.

Judgment overruling demurrer to complaint affirmed, with costs.