(10 Misc. Rep. 745.)

BURRELL v. DO SIM et al.

(Common Pleas of New York City and County, General Term. January 7, 1895.)

COUNTERCLAIM—IN SUMMARY PROCEEDINGS.

A claim by a tenant against his landlord for conversion of goods on the demised premises is not the subject of a counterclaim in an action for rent, and therefore cannot be pleaded by the tenant in a summary proceeding, under Code Civ. Proc. § 2244, as amended by Laws 1893, c. 705, permitting counterclaims in summary proceedings "in like manner as though the claim for rent in such proceeding was the subject of an action."

Appeal from Second district court.

Summary proceedings by Edward Burrell against Do Sim, Yuen Yun, and Jim Kam. There was a judgment in favor of plaintiff, and defendants appeal. Affirmed.

Argued before BOOKSTAVER and BISCHOFF, JJ.

George W. Glaze, for appellants.

George W. Stevens, for respondent.

BISCHOFF, J. In a summary proceeding for the possession of leased premises the tenants (defendants) set up a counterclaim for damages sustained by reason of the plaintiff's having unlawfully retained and withheld certain furniture and food stuffs belonging to the defendants, and found upon the demised premises; the latter property being claimed to have been rendered valueless by reason of its perishable character. This counterclaim was dismissed at the trial upon the plaintiff's motion, and, although the appellants' counsel took no exception to the ruling, it is urged that error is in some manner presented. Waiving the point that an exception should have been taken, the ruling is found to be clearly right. Section 2244 of the Code of Civil Procedure (Amended Laws 1893, c. 705) permits the interposition of a counterclaim in summary proceedings, but it is thereby provided that "such counterclaims may be set up and established in like manner as though the claim for rent in such proceeding was the subject of an action." It is not to be gathered from this section that a

counterclaim of every conceivable variety may be set up in these proceedings, in view of the latter provision, which clearly appears to be explanatory of its scope. The counterclaim here interposed was set forth strictly as a claim for damages by reason of a conversion of the chattels, and, viewing the proceeding as an action of which the claim for rent was the subject, such counterclaim was properly dismissed. McKensie v. Farrell, 4 Bosw. 192–202; Drake v. Cockroft, 4 E. D. Smith, 34; Romaine v. Brewster (Com. Pl. N. Y.) 30 N. Y. Supp. 948; Finkelmeier v. Bates, 48 N. Y. Super. Ct. 433, 441; Mayor, etc., v. Parker Vein Steamship Co., 12 Abb. Pr. 300, 303.

It is further claimed that a judgment of dispossession for the plaintiff was improperly rendered upon the defendants' refusal to proceed, the appellants' contention being that possession by them of the premises had not been shown. In answer it suffices to say that the verified petition filed by the landlord alleged the fact of possession by the tenants, as required by the statute (Code, §§ 2231, 2235); and by reason of the defendants' withdrawal from the proceedings, and their refusal to proceed upon the trial of what issues might be raised by the answer, this allegation stood as sufficient to support the judgment. Moreover, it was admitted at the trial that the effects of the tenants were still upon the premises at that time. The final order is affirmed, with costs.