GLASER v. BURNS et al. (BRIDGE CAFÉ, Intervener).

(Supreme Court, Appellate Division, Second Department. November 19, 1915.)

1. PARTITION ⊂⊃49—PARTIES—INTERVENTION—DISCRETION OF SPECIAL TERM.
   Under Code Civ. Proc. § 452, providing that, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in, and that where a person not a party to the action has an interest in the subject thereof, or any real property the title to which may in any manner be affected by the judgment, and makes application to the court to be made a party, it must direct him to be brought in, where in an action for partition of realty and of a leasehold interest, plaintiff alleged that defendants had agreed to sell and assign the lease to parties unknown, and the court permitted a party identifying itself as the other party to such agreement to intervene as a defendant, its discretion would not be disturbed.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 130–135; Dec. Dig. ⊂⊃49.]

2. PARTITION ⊂⊃53—APPOINTMENT OF RECEIVER.
   Where, in an action to partition a leasehold interest, the party seeking the appointment of a receiver pendente lite contended that the lease had passed to an administrator de bonis non, the court should not have taken the property from him by appointing a receiver.
   [Ed. Note.—For other cases, see Partition, Cent. Dig. § 147; Dec. Dig. ⊂⊃53.]

Appeal from Special Term, Kings County.
Action by Urania U. Glaser against Frances H. Burns and others. From an order (154 N. Y. Supp. 21) granting the motion of the Bridge

Café to intervene as a defendant, and for the appointment of a receiver, plaintiff and the defendant John N. Burns appeal.   Modified and affirmed.

See, also, 153 N. Y. Supp. 1116.

Argued before JENKS, P. J., and THOMAS, CARR, MILLS, and RICH, JJ.

Maurice J. Dix, of New York City, for appellants.

Ferdinand E. M. Bullowa, of New York City, for respondent.

PER CURIAM.   [1, 2] The appeal is taken by the plaintiff and by the defendant John N. Burns from an order of the Special Term that grants the motion of the Bridge Café to intervene as a party defendant, and for the appointment of a receiver pendente lite of the leasehold property.   The action is for partition of realty and of a chattel real.   The latter was the subject-matter of Burns v. City of New York, 213 N. Y. 516, 108 N. E. 77.   The plaintiff in the case at bar complained that the Burns' had entered into an agreement to sell and to assign the renewed term of the lease if granted to parties unknown. The Bridge Café identified itself with the other party to the said agreement.   We think that the discretion of the Special Term (see Pope v. Manhattan Railway Co., 79 App. Div. 583, 80 N. Y. Supp. 316) should not be disturbed so far as the intervention of the Bridge Café is concerned.   Section 452, Code of Civil Procedure; Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835; Delcambre v. Delcambre, 210 N. Y. 460, 466, 104 N. E. 950.   By this affirmance nothing more is determined but the propriety of the order that makes the Bridge Café a party.   The contention of the respondent, who sought for a receiver, is that the said lease for years passed to Burns as administrator de bonis non.   We think that under the circumstances the court should not have taken the property from him.   See Patterson v. McCunn, 46 How. Pr. 182.

The order must be modified, as indicated in this opinion, and, as so modified, it is affirmed, without costs.