(24 Misc. Rep. 234.)

### DAMRON v. CAMPION et al.

(Supreme Court, Special Term, Queens County. July, 1898.)

PARTITION—RIGHT TO MAINTAIN—POSSESSION.
 One not in possession cannot maintain partition as to land in possession of a third person, not a party, and claiming ownership.

Action by Mary P. Damron against Veronica Campion and others. Complaint dismissed.

Omar Powell, for plaintiff.
George H. Taylor, Jr., for defendants.

WILMOT M. SMITH, J. The property sought to be partitioned in this action was once the property of Mary T. Campion. By her will, she devised the same in fee to her husband, Edward Campion. After the execution of the will, another child was born to her; and, as she left her surviving nine children, it is conceded that the husband became entitled to eight-ninths of the property, and the after-born, who is the defendant Veronica Campion, to the remaining one-ninth. Edward Campion entered into possession of this property, claiming ownership by virtue of the will of his wife, and has so remained in possession under the same claim up to the present time. By virtue of a judgment obtained against Edward Campion June 6, 1895, his interest in the real estate in question was sold by the sheriff of Queens county to one James N. Beatty, and the certificate of sale was by him assigned to William G. McCrea. Subsequently the plaintiff, as assignee of a junior judgment recovered against Edward Campion February 28, 1896, redeemed the property, and obtained a deed of the same from the sheriff. Edward Campion claims to have redeemed the property prior to the redemption made by the plaintiff, by paying McCrea a sum sufficient to effect a debtor's redemption, and, as a result thereof, that the sheriff had no right to make a conveyance to the plaintiff. The plaintiff has never exercised any acts of possession upon the property, or taken any action of any kind to obtain possession of the same; but, as before stated, Edward Campion, denying that plaintiff has any interest in the property, has remained continuously in possession of the same, claiming to be the owner in fee. The plaintiff, under these circumstances, commenced this action to partition the property between herself and Veronica Campion, and did not make Edward Campion a party to the action. Under these circumstances, I do not think the plaintiff can maintain the action. Under the present provisions of the Code of Civil Procedure, it has been held by the court of appeals (Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62) that the adverse possession of a co-tenant of the plaintiff is not a bar to the maintenance of the action; but in this case the adverse possession is not that of a co-tenant, but of a third person, and that person not a party to the action. There is in this case neither actual nor constructive possession of the property by the plaintiff. I think the case of Haskell v. Queen (Sup.) 21 N. Y. Supp. 357, decisive of this case. Upon facts similar to the case at bar, as far as the same can be gathered from the opinion of the presiding justice, the appellate division of the First department held that an action in partition could not be maintained. The plaintiff should determine the controversy between herself and Edward Campion in an action of ejectment. This defense is clearly available to the defendant Veronica Campion. She is entitled to a judgment which shall be final as far as her rights in the property in controversy are concerned. Any judgment rendered in the action could not bind Edward Campion, and, if a portion of the property should be set apart to her in severalty under the judgment in this action, it would still be subject to the adverse claim of Edward Campion. The complaint must be dismissed, with costs.

Complaint dismissed, with costs.