(39 App. Div. 420.)

## SATTERLEE v. KOBBE et al.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. PARTITION—PLEADING.
 Under Code Civ. Proc. §.1542, requiring complaint in partition to describe the property and specify the interest of the parties when known, and, where the interest is unknown, to state such fact, a complaint alleging that plaintiff believes defendant claims a certain interest, and that the claim is invalid, is insufficient.

**2. SAME—ADVERSE TITLE.**
A title asserted by a person in possession in opposition to that of tenants in common cannot be litigated in an action for partition.

**8. SAME.**
Under Code Civ. Proc. §§ 1557, 1577, making final judgment in partition binding on each party served with summons, plaintiff must state, to the extent of his knowledge, all facts which make up the claims of adverse defendants.

Appeal from special term, Jefferson county.

Action by Edward R. Satterlee against Alice L. Kobbe and others. From a judgment overruling a demurrer to the complaint, defendant Kobbe appeals. Reversed.

Argued before HARDIN, P. J., and FOLLETT, ADAMS, McLENNAN, and SPRING, JJ.

H. E. Morse, for appellant.
Elon R. Brown, for respondent.

SPRING, J. This action is for the partition of real estate. It is alleged in the complaint that Henry Yates died in the year 1854, leaving a last will and testament, and seised in fee of the lands and premises described in the complaint. Title is then traced in plaintiff, with other tenants in common, whose interests are set out in detail. Then occurs the following paragraph, to which the demurrer is directed:

"Fifth. That, as the plaintiff is informed and believes, the defendants Alice L. Kobbe [and many others, naming them] make claim, respectively, to certain rights or interest to or in certain parts of said premises hereinbefore described, which claims are wholly invalid and void as against the tenants in common of said premises hereinbefore set forth, and their rights as owners of the fee of said premises."

This is the only paragraph in the complaint affecting the appealing defendant and the others who demurred. The grounds of the demurrer are: First, that the complaint does not state a cause of action against the demurring defendants; and, second, there is an improper joinder of causes of action. The first ground seems to be well taken. None of these defendants are co-tenants of plaintiff. Section 1542 of the Code of Civil Procedure requires the complaint in an action of partition to describe the property, "and must specify the rights, shares and interest therein of all the parties, as far as the same are known to the plaintiff. If a party, or the share, right or interest of a party, is unknown to the plaintiff, * * * that fact must also be stated in the complaint." And the succeeding section, after stating that the title or interest of the plaintiff may be controverted by the answer, adds: "The title or interest of any defendant in the property, as stated in the complaint, may also be controverted by his answer." The scheme provided by the Code is to permit, as far as possible, the determination in an action of partition of all the rights of the parties; and, with that end in view, the plaintiff is accorded great liberality in his pleading. If ignorant of the interest in the land of any claimant, he may so aver, and the burden is then imposed upon the defendant to accept the invitation tendered, and present his rights by answer. But, if plaintiff is cog-

nizant of the title of the parties, he must spread upon his complaint the facts upon which that interest rests, and issue can be joined in that way. He must do either one or the other. In this case he does not disclaim knowledge, but assumes to know; for he makes the legal deduction that the claims of the defendants are "wholly invalid and·void," and asks for a judgment so decreeing. That is, these defendants are invited to defend an imputation upon their title, without being apprised in what the vice consists. To be sure, they can appear and answer, asserting title in themselves; but a defendant should not be called upon to answer until the plaintiff, so far as in him lies, has stated in the complaint the facts on which the hostile title rests. It may be the antagonistic interest is not such a one as can be tested in an action of partition, and an answer would then be unnecessary. The action of partition has always been a possessory one; and at common law, and in our state until a comparatively recent date, one tenant in common could not maintain an action against his co-tenant, if his title or right of possession was controverted, or, in fact, if ousted by said co-tenant. Weston v. Stoddard, 137 N. Y. 119, 33 N. E. 62. Under our more liberal practice, the right to determine the validity of titles in partition has been enlarged by our Code of Civil Procedure; but, so far as I have been able to discover, there is no authority holding that a title asserted by a person in possession, in opposition to that of the tenants in common, can be impugned in an action of this kind, and there are one or two to the contrary. Haskell v. Queen (Sup.) 21 N. Y. Supp. 357; Damron v. Campion, 24 Misc. Rep. 234, 53 N. Y. Supp. 543. In Weston v. Stoddard, supra, the controversy was between two co-tenants, and Judge Maynard, in his opinion, was careful to limit the determination of adverse claims in actions ·of this kind to those claiming from a common source of title. He says, at page 126, 137 N. Y., and page 65, 33 N. E.:

"We think that section 1543 was intended to confer upon the court in which an action for partition may be brought authority to try and determine all disputes which may arise between the plaintiff and his co-tenants involving their respective titles and rights of possession to the property."

See Ellerson v. Westcott, 148 N. Y. 149–155, 42 N. E. 540.

In this action it is nowhere alleged in the complaint that plaintiff, or any of his co-tenants, is in the actual possession of these lands. It is averred that their common ancestor, and also the present tenants in common, are seised in fee of the premises, which is ·sufficient to establish constructive possession. The action, however, is evidently brought to test an adverse title, for plaintiff asks that it be adjudged invalid, and that the co-tenants be decreed to be entitled to the possession of the lands described in the complaint. If this is the situation, then it cannot be determined in this action. The facts should be stated in the complaint; and, if the controversy is to turn on two adverse titles, that question can be raised by demurrer, thus avoiding a trial.

In Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, it is alleged in the complaint that the demurrants "claim some right, title, or interest in said premises, the exact nature of which is unknown to

the plaintiff, and it is a cloud upon the title to said premises." This pleading was held good. It conforms strictly to the rule laid down in section 1542 of the Code. In discussing the question, Judge Finch says, at page 374, 126 N. Y., and page 556, 27 N. E.:

"In carrying out that rule it sometimes happens that a plaintiff knows the fact that a third person claims an interest in the subject-matter of the action, but does not know the nature, extent, or merits of the claim, which cannot, nevertheless, be entirely ignored without peril to the completeness of the remedy sought. In such an emergency the facts may be stated, the claimant may be called in as a party, and required to disclose his alleged interest."

Sections 1557 and 1577 of the Code of Civil Procedure make the final judgment in an action of partition "binding and conclusive" upon each person served with a summons; and, in view of that fact, the plaintiff should be required to state, to the extent of his knowledge, all the facts which make up the claims of adverse defendants.

The interlocutory judgment is reversed, with costs and disbursements, and the demurrer to the complaint sustained, with costs. The plaintiff has leave to amend after payment of costs. All concur.

---

(39 App. Div. 435.)

BRANCH v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. March 22, 1899.)

1. RAILROADS—ACCIDENT AT CROSSING.

Where a train running 25 miles an hour approaches a crossing without any signals being given, and a traveler is injured, the negligence of the railroad company is established.

2. SAME—CONTRIBUTORY NEGLIGENCE.

Where the track of a railroad company was so obstructed that a train would not be in view when a traveler was within 20 feet of the crossing, he is not guilty of contributory negligence, barring recovery, where he watched for a train, and no signals were given, and he did not hear or see it until he was struck on the crossing.

Appeal from trial term, Niagara county.