(47 Misc. Rep. 15.)

GAVAZZI v. DRYFOOS et al.

(Supreme Court, Special Term, New York County.   April, 1905.)

1. CREDITORS' SUIT—WHEN MAINTAINABLE.
     A creditors' bill is maintainable to reach property with which to satisfy
     a judgment and to determine the rights of other claimants in the subject-
     matter.
     [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Creditors' Suit, § 10.]

2. EQUITY—BILL—NECESSARY PARTIES.
     Where a good cause of action is shown against one defendant in equity,
     other defendants, necessary to give the court full and complete relief, are
     necessary parties.
     [Ed. Note.—For cases in point, see vol. 19, Cent. Dig. Equity, §§ 246–259.]

3. CREDITORS' SUIT—PARTIES.
     Where a bill is filed in aid of execution against a judgment debtor, all
     persons claiming any interest in the subject-matter are necessary parties,
     in order that their respective liens may be determined.
     [Ed. Note.—For cases in point, see vol. 14, Cent. Dig. Creditors' Suit, §§
     100–109.]

4. SAME—RULES OF PROCEDURE.
     In a suit in equity in aid of execution to have the proceeds of property
     attached applied to satisfy plaintiff's judgment, the general rules of equity
     are applicable.

5. SAME—SUFFICIENCY OF COMPLAINT.
     In a suit by a creditor in aid of execution, the complaint alleged that one
     of the defendants did not have at the time of the levy of an attachment
     any lien whatsoever valid as against plaintiff, nor did he have any valid
     claim whatsoever upon the property or the proceeds as against plaintiff,
     and that a claim interposed by him was null and void. *Held* to state a
     good cause of action against such defendant; the fact of the adverse claim
     and its materiality sufficiently appearing, and the prayer being that the
     validity of the claim and the rights of the respective parties to the fund
     should be determined.

Action by Pietro Gavazzi against Mortimer H. Dryfoos and
others.   Demurrer overruled, with leave to defendant to answer.

Blumenstiel & Blumenstiel, for plaintiff.
Morris J. Hirsch, for defendants Hardt, Von Bermuth & Co.

CLARKE, J.   The action is in equity, and the prayer is that the
defendants Dryfoos, Kahn & Co. be directed to pay over so much
of the proceeds derived from the sale of property attached in their
possession and by them sold as will satisfy the judgment, and that
as to the defendants Hardt, Von Bermuth & Co. any alleged claim
interposed by them to the payment of plaintiff's claim and any al-
leged lien of theirs be decreed to be null and void as against the
plaintiff's attachment and judgment.   The defendants Hardt, Von
Bermuth & Co. demur to the complaint upon the ground that as
against them it does not state facts sufficient to constitute a cause
of action.   By demurring they admit the following facts:   That
in an action in this court between this plaintiff and one of these
defendants, James H. Rogers, a warrant of attachment against
the property of said Rogers was duly issued, under and by virtue
of which warrant the sheriff duly attached certain property belong-

ing to Rogers, then in the possession of Dryfoos, Kahn & Co., consisting of taffeta, striped taffeta, and other silks, of the value of $6,391.81; that pursuant to the demand of the sheriff said firm delivered to him a certificate certifying that they had in their possession said goods, "which goods we are carrying for and on account of the firm of Hardt, Von Bermuth & Co., under an agreement with the defendant (Rogers), and upon which goods said firm of Von Bermuth & Co., together with goods in their possession, made advances in the aggregate sum of $18,235.11, which represents the indebtedness of the defendant to said firm as computed to this date, and the aforesaid goods in our possession are held by us as security for the indebtedness owing from said defendant to said firm"; that said property has been sold by Dryfoos, Kahn & Co. and converted into money; that the price realized therefor exceeded $5,000, and that such proceeds are still in their hands; that in the action in which the attachment was issued a judgment was duly recovered in favor of plaintiff for $3,445.45, and docketed in the clerk's office June 1, 1904; that an execution was duly issued thereon against the property so attached, and demand was made on Dryfoos, Kahn & Co. for the application of so much of the proceeds of the property attached in their hands as would be sufficient to pay said judgment, etc., which said defendants refused and still refuse, upon the ground that the defendants Von Bermuth & Co. are entitled to such proceeds, and that said Von Bermuth & Co. had at the time of the levy of said attachment, and still have, a lien upon such property and proceeds superior to the attachment and execution of the plaintiff, and because of such claim the sheriff is prevented from enforcing said execution. The complaint further alleges as a fact that said Von Bermuth & Co., at the time of said attachment claimed, and still claim, a lien upon such property and proceeds superior to the attachment and execution, by reason of certain advances claimed to have theretofore been made by them to the defendant Rogers upon all of said goods, in the aggregate amount of $18,235.11, and that they, on or about May 13, 1904, served upon the said sheriff a notice of said alleged lien—a copy being attached. The complaint proceeds (paragraph 9), upon information and belief:

"Hardt, Von Bermuth & Co. did not have at the time of the levy of said attachment any lien whatsoever, valid as against the plaintiff herein, nor have they since had or do they now have any valid claim or lien or right of possession whatsoever upon the said property or the proceeds thereof as against the plaintiff herein, and that the claim interposed by them or the agreement under which the defendants composing the firm of Hardt, Von Bermuth & Co. claim to have a lien is null and void as against the plaintiff."

The defendants Von Bermuth & Co. are correct in their contention that the allegations of paragraph 9 are mere conclusions of law and not admitted by their demurrer. But the complaint appears to be sufficient as against the demurrants without the admission of these allegations. This is a suit in equity, in rem, against the fund. It has frequently been held in various forms of actions that a creditor may invoke the aid of equity to reach property

with which to satisfy his judgment and to determine the rights of other claimants thereto. Stewart v. Beale, 7 Hun, 405, affirmed 68 N. Y. 629. In Beck v. Burdett, 1 Paige, 305, 308, 19 Am. Dec. 436, Chancellor Walworth, speaking of cases where a plaintiff is permitted to come into equity for relief, after he has proceeded to judgment and execution at law without obtaining satisfaction of his debt, says:

"In one case the issuing of the execution gives to the plaintiff a lien upon the property, but he is compelled to come here for the purpose of removing some obstruction, fraudulently or inequitably interposed to prevent a sale on the execution."

The same rule has been applied where the plaintiff acquired a lien upon the property of the debtor by attachment. Heye v. Bolles, 33 How. Prac. 266. So, also, in Macauley v. Smith, 132 N. Y. 524, 30 N. E. 997, it was held that equity has jurisdiction in an action to have certain deeds declared to be mortgages and the real estate adjudged subject to the lien of plaintiff's judgment against the grantor. Judge Landon says (at page 532 of 132 N. Y., page 999 of 30 N. E.):

"The action is in aid of plaintiff's execution. Its object is * * * to strip from her [defendant's] legal title to the premises in question the obstructions created by the deed by which such title, apparently, but not in fact, passed from her, * * * and thus to show that the lien acquired by plaintiff's attachment of the premises and perfected by her judgment and execution was valid, and, therefore, may now be enforced free from the obstructions which seemed to defeat it. Such an action is within the equitable jurisdiction of the court."

In the case at bar the action is in aid of plaintiff's execution. Its object is to have the fund, the proceeds of property attached, applied, freed from incumbrances, to satisfy his judgment. It is admitted by the demurrer that the property attached was the property of the defendant Rogers, the judgment debtor, and that the proceeds thereof have not been paid to the sheriff by reason of a claim thereto interposed by Von Bermuth & Co. It is clear that a good cause of action in equity is stated against the defendant Rogers. The court having determined that a good cause of action is stated against one defendant in an equity suit, a good cause of action is stated against the other defendants also, if they are necessary parties for any purpose to enable the court to give full and complete relief on any question involved in the litigation. Dupignac v. Bernstrom, 37 Misc. Rep. 677, 683, 76 N. Y. Supp. 381, affirmed 76 App. Div. 105, 112, 78 N. Y. Supp. 705. The defendants Von Bermuth & Co. are proper and necessary parties. They claim an interest adverse to the plaintiff. Their presence is requisite for a complete determination or settlement of a question involved. Code Civ. Proc. § 447. It was held under section 122 of the old Code, now section 452 of the Code of Civil Procedure, that where one creditor has issued an attachment against the defendant's property other creditors of the defendant may be made codefendants, on the ground that a complete determination of the

controversy in respect to the fund which is in court by virtue of
the attachment cannot be had without their presence.  Fraser v.
Greenhill, 3 Code Rep. 172.  As Von Bermuth & Co. are necessary
parties, their demurrer must be overruled.

In Fowler v. Mutual Life Ins. Co., 28 Hun, 195, 198, Mr. Justice
Barker says:

> "This being a suit in equity, if the defendant, the insurance company, is a
> proper and necessary party for any purpose, then the demurrer should have
> been overruled, for the reason that a good cause of action is stated against
> a defendant, if he is a necessary party for any purpose whatever, to enable
> the court to give full and complete relief on any question involved in the liti-
> gation."

See, also, Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22
Am. St. Rep. 835; International Paper Co. v. Hudson River Co.,
92 App. Div. 56, 66, 86 N. Y. Supp. 736; Hall v. Gilman, No. 1, 77
App. Div. 458, 79 N. Y. Supp. 303; Pom. Eq. Juris. (2d Ed.) § 114.

It is contended that Von Bermuth & Co. do not appear to be sub-
sequent incumbrancers, and are not, therefore, proper parties.
Brown v. Danforth, 37 App. Div. 321, 55 N. Y. Supp. 825, cited
in support of this contention, is an action to foreclose a mechanic's
lien, in which, under section 17 of chapter 342 of the Laws of 1885·
(the mechanic's lien law), only those can be made parties who are
subsequent incumbrancers.  It is immaterial on this demurrer
whether the claim be prior or subsequent to plaintiff's lien.  All
persons who assert any claim to the subject-matter, whether prior·
or subsequent, are necessary parties, because the order of the re-
spective liens is involved in the litigation and should be deter-
mined in the final decree.  Fowler v. Mutual Life Ins. Co., 28 Hun,
195, 199; Brown v. Volkening, 64 N. Y. 76.  Nor is the objection
to the form of the prayer for relief well taken.  It is not essential
that any specific relief be asked against a defendant, provided his
presence is necessary to a complete determination of the con-
troversy.  International Paper Co. v. Hudson River Co., 92 App.
Div. 56, 69, 86 N. Y. Supp. 736; Dupignac v. Bernstrom, 76 App.
Div. 105, 112, 78 N. Y. Supp. 705.  And it has been held no ground
for demurrer that the complaint asks some relief which cannot be
granted.  Townsend v. Bogert, 126 N. Y. 370, 376, 27 N. E. 555,
22 Am. St. Rep. 835.

The only question remaining is whether the allegations in para-
graph 9 that demurrants' claim or lien is null and void renders the
complaint defective.  In Satterlee v. Kobbe, 39 App. Div. 420, 57
N. Y. Supp. 341, an action for partition, it was held that allega-
tions of invalidity were mere legal deductions of the pleader; that,
as plaintiff assumed to know the title of the defendants by charac-
terizing such title as "wholly invalid and void," it was incumbent
upon him to state in his complaint the facts relating to such title.
A demurrer on the ground that the complaint did not state a cause
of action was sustained.  The pleadings in an action for partition
are governed by section 1542 of the Code of Civil Procedure, which

requires that the complaint in such action describe the property and specify the interest therein of all the parties, as far as the same are known to the plaintiff, and if unknown or uncertain that fact must also be stated in the complaint. The court determined that the Code requires that plaintiff in partition must state facts from which the invalidity appears or state his ignorance thereof. So, where the facts upon which a defendant in partition bases his claim are unknown to plaintiff, he must so allege, and the defendant will be required to disclose the facts. Satterlee v. Kobbe, 173 N. Y. 91, 65 N. E. 952; Townsend v. Bogert, 126 N. Y. 370, 27 N. E. 555, 22 Am. St. Rep. 835. In the suit at bar there are no specific Code provisions governing the form of the pleading and the general rules of equity are applicable. In the case last cited Judge Finch says:

"The rules of pleading in equity, while the same in form with those in actions at law, are nevertheless broader and more elastic by reason of the inherent character of the relief which may be sought and given. It has always been held as a general rule in equity that all persons materially interested, either legally or beneficially, in the subject-matter of a suit, are to be made parties to it, so that there may be a complete decree which shall bind them all. Caldwell v. Taggart, 4 Pet. 190, 7 L. Ed. 828. In carrying out that rule it sometimes happens that a plaintiff knows the fact that a third person claims an interest in the subject-matter of the action, but does not know the nature, extent, or merits of the claim, which cannot, nevertheless, be entirely ignored without peril to the completeness of the remedy sought. In such an emergency the facts may be stated, the claimant be called in as a party, and required to disclose his alleged interest."

In this case the plaintiff has set forth the fact that a claim has been made to the fund which he seeks to have applied. He does not admit the validity of that claim, but alleges that by reason thereof he is unable to obtain the fund in question. It is not necessary for plaintiff to set forth facts from which the validity or invalidity of the claim may appear. It would often be impossible for plaintiff to ascertain all the facts upon which third parties base their claims. Neither is plaintiff in an action in aid of execution required by any statutory provision to plead his ignorance of such facts. It is sufficient if it appear that the third party claims an interest in the subject-matter adverse to the plaintiff, and his presence is necessary for a complete determination of the controversy. Disregarding the legal deductions that the claim is void, the fact of the adverse claim and its materiality sufficiently appear in the complaint, which in effect prays that the validity of the claim and the rights of the respective parties to and in the fund be determined. The demurrer must be overruled, with costs, with leave to defendant to answer within 20 days upon payment thereof.

Demurrer overruled, with costs, with leave to defendant to answer within 20 days upon payment of costs.