(110 App. Div. 90.)

### GAVEZZI v. DRYFOOS et al.

(Supreme Court, Appellate Division, First Department.   December 30, 1905.)

EQUITY—JURISDICTION—AID OF ATTACHMENT—COMPLAINT—SUFFICIENCY.

> A complaint alleging that the sheriff could not enforce plaintiff's execution against attached property because third persons claimed a prior lien did not show a right to equitable relief to have the alleged lien declared void, when it was alleged on information and belief that such persons had no lien, but there was no allegation of fact showing fraud or an inequitable interposition of the claimed lien.
>
> Patterson and Houghton, JJ., dissenting.

Appeal from Special Term, New York County.

Action by Pietro Gavezzi against Mortimer H. Dryfoos and others. From a judgment (95 N. Y. Supp. 199) overruling a demurrer to the complaint, defendants appeal.   Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, McLAUGHLIN, INGRAHAM, and HOUGHTON, JJ.

Herbert H. Mass, for appellants.
Henry Gennert, for respondent.

O'BRIEN, P. J.   I am of the opinion that the demurrer should have been sustained on the ground that the complaint fails to state a cause of action.   The plaintiff in his brief upon this appeal admits that the "action is not brought in aid of an attachment or as a judgment creditor's action under the Code," and he claims that "irrespective of any statutory provision" he "seeks to invoke the inherent power of the court of equity to aid in the enforcement of a lien to which there exists an obstacle which must be removed."

I am unable to find in the complaint sufficient facts to authorize a court of equity to entertain the action.   In considering the demurrer the plaintiff must be given the benefit of all the facts alleged in the complaint, as well as of the reasonable and fair inferences which may be drawn from them.   Considering the complaint in this light, it alleges that in another action between the present plaintiff and the defendant Rogers a warrant of attachment against the property of said Rogers was duly issued, under which the sheriff duly attached certain property consisting of silks belonging to Rogers, but in the possession of Dryfoos, Kahn & Co.; that pursuant to the demand of the sheriff, the said firm delivered to him a certificate, to the effect that they were carrying the goods for and on account of the firm of Hardt, Von Bernuth & Co. under an agreement with the defendant Rogers, that the property should be held as security for an indebtedness of about $18,235.11 owing from Rogers to Hardt, Von Bernuth & Co.   The complaint further alleges that after giving this certificate, the property had been sold by Dryfoos, Kahn & Co., and $5,000 realized therefor, which proceeds were still in their hands; that in the action in which the attachment had been issued a judgment was duly recovered in favor of plaintiff for $3,455.45, and that execution was duly issued thereon against the property so attached, and demand was made on Dryfoos, Kahn & Co. for the application of so much of the proceeds of

the property attached as would be sufficient to pay the judgment; that the defendants refused to comply with this demand on the ground that Hardt, Von Bernuth & Co. were entitled to such proceeds by reason of their prior lien, and that the latter firm at the time of the levy had and still have a lien upon such property and proceeds superior to the attachment and execution of the plaintiff. The plaintiff then alleges that by reason of such claim the sheriff is prevented from enforcing said execution. It is also set up as a fact that the firm of Hardt, Von Bernuth & Co., at the time of said attachment, claimed, and still claim, a lien upon such property and proceeds superior to the attachment and execution, by reason of the advances made by them to the defendant Rogers above mentioned. This latter allegation is followed by the further allegation (paragraph 9) upon information and belief that Hardt, Von Bernuth & Co. did not, at the time of the levy under the attachment, have any lien whatsoever which was valid as against the plaintiff, and that they did not then have and have not since had any valid claim or lien upon the property or the proceeds thereof as against plaintiff, and that their claim of such lien is null and void as against the plaintiff.

These allegations were properly held by the court at Special Term to be mere conclusions of law, and, as such, were not admitted by the demurrer. This being so, we have, in substance, a complaint which alleges the levy under an attachment, the recovery of a judgment, and the issuance of an execution in behalf of the plaintiff against certain property, and the claim on behalf of defendants of a superior lien upon that property, which lien the court is asked to declare null and void as against the plaintiff. These facts, however, do not show any ground for invoking the act of equity. The rule is still in force which was laid down in Beck v. Burdett, 1 Paige, 305, 19 Am. Dec. 436, and quoted with approval in Stewart v. Begle, 7 Hun, 411, which latter case was affirmed by the Court of Appeals, 68 N. Y. 629. It was said:

"There are two classes of cases where a plaintiff is permitted to come into this court for relief, after he has proceeded to judgment and execution at law without obtaining satisfaction of his debt. In one case the issuing of the execution gives the plaintiff a lien upon the property, but he is compelled to come here for the purpose of removing some obstruction, fraudulently or inequitably interposed to prevent a sale on the execution. In the other, the plaintiff comes here to obtain satisfaction of his debt out of property of the defendant which cannot be reached by execution at law. In the latter case his right to relief here depends upon the fact of his having exhausted his legal remedies without being able to obtain satisfaction of his judgment. In the first case the plaintiff may come into this court for relief immediately after he has obtained a lien upon the property by the issuing of an execution to the sheriff of the county where the same is situated; and, the obstruction being removed, he may proceed to enforce the execution by a sale of the property, although an actual levy is probably necessary to enable him to hold the property against other executions or bona fide purchasers."

It may be admitted that under this rule a plaintiff may invoke the aid of a court of equity after the issuance of execution, and before it is returned unsatisfied; but, in order to do this, his complaint must show the existence of some obstruction to legal process either fraudulently or inequitably interposed. Macauley v. Smith, 132 N. Y. 524, 30 N. E. 997; People v. Van Buren, 136 N. Y. 252, 32 N. E. 775, 20 L. R. A.

446; Whitney v. David, 148 N. Y. 256, 42 N. E. 661. This the present complaint fails to do. It contains no allegation that the alleged prior lien of Von Bernuth & Co. is fraudulent, nor does it state any facts from which the inference can be drawn that such lien is void as against the plaintiff, or that it was inequitably interposed; on the contrary, there is nothing to negative the assumption that the claim made by the defendants that the property of Rogers was held by Dryfoos, Kahn & Co. as collateral security for advances which Hardt, Von Bernuth & Co. had made to Rogers, and which advances gave the latter firm a prior lien upon the property. A plaintiff in the situation of this one cannot invoke the inherent equity jurisdiction of the court without alleging some fact at least which shows the necessity for the exercise of that power. People v. Van Buren, supra; Whitney v. David, supra; Geery v. Geery, 63 N. Y. 255. For these reasons I am of the opinion that the complaint fails to state a cause of action, and that the demurrer should have been sustained.

The judgment should be reversed, with costs, and the demurrer sustained, with costs, with leave to the plaintiff to amend on payment of costs in this court and in the court below.

INGRAHAM and McLAUGHLIN, JJ., concur. PATTERSON and HOUGHTON, JJ., dissent on the opinion of the court below.

INGRAHAM, J. I concur with the Presiding Justice, as I do not see that there is any cause of action alleged against either of the defendants. The plaintiff apparently seeks to enforce a lien claimed to have been acquired by a levy under an attachment upon property of the defendant in the action in which the attachment was granted. To obtain a lien under an attachment upon personal property capable of manual delivery, it was necessary that the sheriff should take the actual custody of such property. Subdivision 2, § 649, of the Code of Civil Procedure. A lien can be acquired upon personal property belonging to the defendant in the attachment action where such property is in the possession of a third party, but is subject to a lien, so that actual custody of the property cannot be taken by the sheriff under subdivision 3 of section 649 of the Code of Civil Procedure. Warner v. Fourth National Bank, 115 N. Y. 251, 22 N. E. 172. The sheriff, adopting this course, levied upon property held by Dryfoos, Kahn & Co., by the service of the attachment upon them, and obtained from them a certificate that they held certain property which was subject to a lien. To enforce the lien of an attachment upon property thus levied upon it is necessary that the plaintiff should allege that the property was held by Dryfoos, Kahn & Co. subject to a lien, that a levy had been acquired upon such property by the service of an attachment, as required by subdivision 3 of section 649 of the Code of Civil Procedure and that the lien to which the property was subject had been in some way satisfied and discharged, or that the property was of a greater value than the lien, whereby the attachment creditor would be entitled to the surplus. The complaint does not contain the necessary allegations to sustain an action to enforce such a levy. The action cannot be maintained as a judgment creditor's

action under section 1871 of the Code, for that section applies only to a case where execution has been wholly or partly unsatisfied. Nor can the action be sustained as an action to enforce an outstanding execution, as there is no allegation that this defendant holds property of the judgment debtor which should be applied to the satisfaction of the judgment but which the sheriff is prevented from taking by reason of a fraudulent transfer, or other invalid instrument which it is necessary that the court should set aside to enable the sheriff to levy.

The demurrer should therefore be sustained, upon the ground that no cause of action is alleged against the demurring defendants.

O'BRIEN, P. J., and McLAUGHLIN, J., concur.